UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY HAMILTON, )<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)<br>HENRY M. PAULSON, JR., )<br>  Secretary of the Department )<br>  of the Treasury, )<br>)<br>        Defendant. )<br>_____) | Civil Action No. 07-01365 RBW |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA

Plaintiff has opposed defendant's motion to dismiss or, in the alternative, transfer the case to the Eastern District of Virginia, where venue would be proper under the special venue rules that apply to discrimination cases filed under Title VII of the Civil Rights Act of 1964. As we explain below, plaintiff's arguments are not meritorious.

Plaintiff's first argument is that he designated this case as being related to a discrimination case that he earlier filed in the District of Columbia and that, since defendant did not challenge the designation, defendant has conceded that the case should stay in the District of Columbia. Plaintiff points out that cases can be designated as related for a variety of reasons, such as the fact that they involve common issues of fact or grow out of the same event or transaction. He cites to LCvR 40.5. Attached hereto as Exhibit A is a copy of the notice of designation of related case that plaintiff filed in this case. It provides various boxes that can be checked, such as that the new case is related to an earlier case filed in the District because it involves common issues of fact or grows out of the same event or transaction. As can be seen from Exhibit A, plaintiff checked only one box on the form,

the box stating that the case is related to a previously filed case in the District because it "is filed by the same pro se litigant." This designation is factually accurate and could not, therefore, have been challenged by defendant. Defendant's failure to object to the designation cannot be bootstrapped into an argument that defendant thereby waived his right to challenge venue in this case.

Although plaintiff does not use the term "pendent venue" he is in fact arguing that such venue lies in the District of Columbia due to his earlier filed case. As Judge Kennedy recently noted in Jyachosky v. Winter, 2006 WL 1805607 (D.D.C., June 29, 2006), the doctrine of pendent venue has no application to Title VII claims:

> Jyachosky argues that the court should exercise its discretion and find pendent venue over her Title VII claims given the existence of venue for her ADEA claims. Where, as here, Congress has clearly limited the scope of venue, the court is compelled to abide by such restrictions. Bartel v. Fed. Aviation Admin., 617 F.Supp. 190, n. 33 (D.D.C. 1985) ("In enacting the special Title VII venue statute Congress has deliberately sought to limit the venues in which Title VII actions might be brought. Under such circumstances, the court lacks the authority to ignore the congressional intent to limit venue by finding pendent venue.") (citations omitted); Lee v. England, 2004 WL 76441, at *1 (D.D.C. Mar. 9, 2004) ("Venue in a Title VII case is governed-strictly . . . by 42 U.S.C. § 2000e-5(f)(3)").

2006 WL at *4.

Plaintiff also argues that venue is proper in the District of Columbia because he has occasionally done work here and because the mediation in the case that occurred before the complaint was filed occurred in the District of Columbia. Neither of these arguments has any significance in determining venue. As explained in the motion to dismiss, venue in a Title VII action is governed by 42 U.S.C. § 2000e-5(f)(3), which provides three specific locations for venue: (1) the district in which the alleged discrimination occurred; (2) the district where the relevant employment

records are maintained and administered; or (3) the district where plaintiff would have worked but for the alleged unlawful discrimination and retaliation. None of these options provides a basis for venue in the District of Columbia.

In any event, plaintiff vastly overstates the benefit of having the two cases before the same judge. Plaintiff is seeking a jury trial in this case, and if the case goes to trial, the jurors will perforce be looking at the evidence for the first time. To the extent that events in the earlier case have any relevance to this case, they will have to be introduced to the jury. And to the extent that the events in the earlier case are relevant to the disposition of summary judgment motions that may be filed in this case, they will have to be introduced in the course of the motion practice by deposition extracts, declarations, or document exhibits.

Finally, defendant notes that he believes that this reply is being timely filed. The docket sheet for the case lists as docket number 19, with a date of November 27, 2007, plaintiff's opposition to the motion dismiss. The docket entry states, however, that it was entered on December 18, 2007. And the copy of the opposition that undersigned counsel recently received contained a letter dated December 7, 2007, stating that the earlier served copy had been returned and that the memorandum was, therefore, being re-served. The envelope in which undersigned counsel (Fred E. Haynes) received the opposition is marked on the outside as having been received in the Department of Justice's mail room on December 14, 2007, and x-rayed. The envelope is also marked as having been received by this office on December 17, 2007.

For the reasons set forth above and in the memorandum in support of the motion to dismiss or, in the alternative, to transfer the case to the Eastern District of Virginia, this case should be

dismissed or transferred.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR, DC Bar #498610
                                        United States Attorney

                                        RUDOLPH CONTRERAS, DC Bar #434122
                                        Assistant United States Attorney
                                                    /s/
                                        FRED E. HAYNES, DC Bar #165654
                                        Assistant United States Attorney
                                        555 4th Street, N.W., Room E-4110
                                        Washington, D.C. 20530
                                        202.514.7201

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing reply memorandum in support of the motion to dismiss or, in the alternative, to transfer this case to the Eastern District of Virginia to be served by first-class mail, postage prepaid, this 20th day of December, 2007, on:

>Mr. Gary Hamilton
>12304 Burning Oak Court
>Waldorf, MD 20601

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOTICE OF DESIGNATION OF RELATED CIVIL/MISCELLANEOUS CASES
PENDING IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. **07 1365**
(To be supplied by the Clerk)

**NOTICE TO THE PLAINTIFF:**

Pursuant to Rule LCvR 40.5(b)(1), you are required to prepare and submit this form at the time of filing any civil or miscellaneous case which is related to any pending case(s) or which involves the same parties and relates to the same subject matter of any dismissed related case(s). This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the case is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

LCvR 40.5(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

LCvR 40.5(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff or counsel for plaintiff will please complete the following:

1. **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

   A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

   [ ]   (a)   relates to common property

   [ ]   (b)   involves common issues of fact

   [ ]   (c)   grows out of the same event or transaction

   [ ]   (d)   involves the validity or infringement of the same patent

   [✓]   (e)   is filed by the same pro se litigant

2. **RELATIONSHIP OF NEW CASES TO DISMISSED RELATED CASE(S).**

   A new cases is deemed related t a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and relates to the same subject matter.

   Check box if new cases is related to a dismissed case: [ ].

3. NAME THE U.S. COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT _____

4. CAPTION AND CASE NUMBER OF RELATED CASE(S). IF MORE ROOM IS NEEDED PLEASE USE THE OTHER SIDE.

   Hamilton _____ vs Snow _____ C.A. No. 05-1549 (RBW)

   7/27/07 _____  NCD
   Signature of Plaintiff (or counsel)

CO-932
Rev. 4/00

EXHIBIT
A

2