THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GARY HAMILTON,
Plaintiff

v.                                    Case No.: 07-1365 (RBW)

HENRY M. PAULSON, JR.
Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PRO SE PLAINTIFF MOTION TO STRIKE DEFENDANT'S FAULTY AND ERRONEOUS ARGUMENT - DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA**

### Summary Agrument

As I understand it, and I believe I do[1], this motion is admissible under Fed. R. Civ. P. 12(f) – Motion to Strike. As such, this motion to strike is in response to defendant's reply to a counterclaim, answer to a cross-claim, third-party complaint or answer.

The Plaintiff files this motion to strike defendant's argument @ Paragraphs (2), (4) and (5).

In its' totality, this defendant's motion makes an attempt to strip Plaintiff of a Fundamental right. The defendant's tactic of trying **to twist the literal meaning of Rule 40.5(a)(3) is Disingenuous.** Plaintiff would ask the Question --*What is the defendant so afraid of in **Rightfully** allowing this Honorable court to relate/consolidate and Decide these two cases on their merit?? Plaintiff asserts that the defendant is entering into simple delay tactics.*

---

[1] This Pro Se Plaintiff with the vast assistance of his wife has spent many hours in the law library such as to gain Sufficient knowledge on how to proceed in replying to misleading statements made by defendant in his reply memorandum. I prey that this court understand that I am not versed or educated in the field of law. Something, which the Defendant's counsel is well trained and versed, particularly in his capacity and position legal counsel to the federal government within the U.S. Attorney's office for the District of Columbia

RECEIVED DEC 2 6 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

The primary basis of defendant's argument is based upon his misinterpretation of LCvR. 40.5(a)(3); and additionally, the Plaintiff's stating his opposition that this case grew out the same event or transactions of a pending related case.   It States:

> [Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District of Columbia and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent. **Notwithstanding (emphasis added) the foregoing**, a case filed by *a pro se litigant* with a prior case pending shall be deemed related and assigned to the judge having the earliest case.]

**Simply put it does not matter that the** Plaintiff's stated or omitted the fact in his opposition that this case grew out the same event or transactions of a pending related case.  This is predicated upon the proper interpretation of LCvR 40.5(a)(3), which contains a *"However Notwithstanding Clause"* that requires nothing further of a pro se litigants other than being pro se and so designate any pending related case (albeit filing of Exhibit A). All two of these requirements were met upon Plaintiff filing in his Forma Pauperis (IFP) application on or about July 5, 2007 and again shortly thereafter by this court pro se unit [initials "NCD"] completion of Exhibit A on July 23, 2007.

**IN THE ALTERNATE AND NOT SHOULD IT HAS ANY OPERATIVE VALUE**,

Plaintiff further buttress his argument and supports his motion to strike by proffering that the defendant wrongfully attempts:

To use a mere technicality [one that is incorrectly used by defendant) to impede justice;

To erroneously convince this court that Plaintiff personally completed Exhibit A;  To erroneously subvert this Circuit's well established policy of deciding technicality disputes in favor of the complaining party; defendant; To wrongfully marginalize operative facts Surrounding venue; and, To wrongfully marginalize the benefits of having both cases before this same Judge -- -- resulting in more efficient use of judicial resources and avoiding unnecessary delay.

For the reasons set forth above - the misinterpretations (particularly LCvRule 40.5(a)(3)

2

explanatory. The fact that Exhibit A was part of the filing is also self explanatory as it relates to the instant case being related to a pending case. Nothing else is required. The defendant's tactic of trying <u>**to twist the literal meaning of Rule 40.5(a)(3) is Disingenuous.**</u>

Not that it matters, the defendant was at the filing of the complaint was availed of the same information he says bootstrapped him from challenging venue, which was contained @ Paragraphs 6 and 22 of Plaintiff's complaint.

The defendant would like this Honorable court to believe he did not challenge venue strictly because he was not aware of the related *(emphasis added)* case, by virtue of an unchecked box. This is particularly strange given the learned defendant counsel's vast Knowledge of procedural law--- this chain of logic does not make sense.

Again - Why should it matter, the purpose of Exhibit A in fulfilling the "Notwithstanding Exception Clause" has been met (at the time of complaint filing, July 5, 2007), e.g. to document the filing of a pro se litigant with a pending related case. Finally --- <u>*What should it matter whether defendant be aware that this case grew out of related events and transaction ? Rule 40.5(3)(a) conditions and requirements were and are met.*</u>

### B. Technicality Issue Related to an Unchecked Box (Noting that the Case Grows Out of The Same Events or Transactions of Related Case) of Exhibit A

Plaintiff would point this Honorable court to BRODETSKI v. DUFFEY, (D.C. 200), where this same court has established that Title VII Plaintiff's submissions be liberally

4

viewed to prevent the complainant from becoming so subsumed by legal technicalities. The Brodetski court recognized the Court of Appeals for the District of Columbia *Circuit's acknowledgement that courts ... have, with virtual unanimity, resolved [disputes] in favor of the complaining party and allowed the complaints to proceed despite administrative errors.* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 461 (5th Cir. 1970)).]

Transferring this case to another district would be quite contrary to the Congressional intent of Title VII as reflected by this Circuit[2,3,4].

### C. Defendant Wrongfully States that Plaintiff Personally Completed Exhibit A – Notice of Designation of a Related Case

Further, the defendant is quickly and wrongfully asserts Plaintiff completed Exhibit A, thus omitting to check the box indicating that this case "grows out of the same event or transaction" in a related case. *in fact, He Did Not.* In fact, in addition to proceeding as a

---

[2] BRODETSKI v. DUFFEY, (D.C. 2001) [stated that courts view a complainant's submissions liberally to prevent the complainant from becoming so subsumed by legal technicalities. To this end, the
Court of Appeals for the District of Columbia Circuit has stated:

Because Title VII is remedial legislation dependent for its enforcement on laymen, we must
seek in every case `an interpretation animated by the broad humanitarianism and remedial purposes underlying the federal proscription of employment discrimination, and resultantly that resort to technicalities to foreclose recourse to administrative or judicial processes is `particularly inappropriate.]

[3] WILSON v. PENA, 79 F.3d 154 (D.C. Cir. 1996)[Observing that "[s]uch an broad humanitarianism approach is consistent with the broad structure and purposes of Title VII," the court noted that "[t]he scheme established by Congress relies upon laymen, operating without legal assistance,to initiate both administrative complaints and lawsuits, and `[procedural] technicalities are particularly inappropriate in [such] a statutory scheme.'" Id. at 614-15 (quoting Love v.Pullman Co., 404 U.S. 522, 527 (1972))

[4] In GIPSON v. WELLS FARGO CORP., (D.C. 2005), [The Gipson court recognized procedural reforms implemented to eliminate technicalities that prevent the substantive resolution of disputes, and consequently, the Federal Rules of Civil Procedure favor the disposition of genuine disputes on the merits. See Anderson v. Bradford, Civ. A. No. 89-2776-LFO, 1990 WL 161916,at *5 (D.D.C. Oct. 11, 1990) (citing Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980)).]

Pro Se Plaintiff, Plaintiff applied and was granted permission by the court to Proceed In Forma Pauperis (IFP). This fact is part of the record. As an IFP Plaintiff, I was instructed by the court clerk representative that the court's pro se unit would process and complete all essential forms, including Exhibit A. The facts and events related to the completion of Exhibit A is attested in Plaintiff's (Exhibit B –Affidavit of Gary Hamilton._

Further, not that it should matter by this court in rendering a fair decision, the defendant would like this court to believe that he did not know that this case grew out of same events or transactions of a related case pending before this court.

Not that it has any operative value contrary to what the defendant would wish this court to believe ---the fact of the matter such notice was provided to the defendant in the Plaintiff's Complaint @ *Paragraph*

*Numbers 6 and 22. These Paragraphs reads:*

> 6. On or about August 2005, Plaintiff filed a discrimination complaint against the defendant in the United Sates District Court for the District of Columbia; and,

> 22. Plaintiff alleges that the defendant so acted *toward Plaintiff because* of his race and prior EEO activity.

### D. Defendant Wrongfully Marginalizes Facts Surrounding Operative Venue Determination:
a. Plaintiff's Duties performed in DC;
b. Deposition questioning of Plaintiff related to this case Occurred in DC;
c. Discrimination and Reprisal occurrences at defendant agency HQs Occurred in DC.;
d. Two Mediation attempts Occurred in DC;
e. Many of the Primary Witnesses, including Plaintiff, work in NW DC.; and,
f. The distance from the defendant's Arlington, Virginia location is further in distance and travel time to the Eastern District of Virginia court, then the same to this Honorable court.

6

Further, in defendant Reply @ Paragraph 4 of defendant's misrepresents Plaintiff's statements by wrongfully inserting the word *"occasionally", where the Plaintiff Described his duties with respect to carrying out his duties* in the District of Columbia. The Truth and fact of the matter is stated in Plaintiff Opposition Affidavit, Statement Number 14, which states "While working at the IRS, It is also true that *I regularly* went to DC at least once or twice per month….". Again, in an attempt by defense counsel to Mis-led this Honorable court.

Even more so, the Defendant purposefully omits acts of reprisal discrimination taken upon Plaintiff which occurred at defendant's headquarters at 111 Constitution Avenue, NW, Washington, DC. At such time, Plaintiff approached one of the officials named in this case only to be informed that he knew of my prior EEO charges regarding promotions, *but he stated there is no use in applying for any vacancy*. This certainly establishing venue because this complained discriminatory act which occurred in DC Defendant mentions mediations, but he did not mention that the Plaintiff was asked to answer several questions surrounding issues related to this case [occurred in DC).

### E. Defendant Wrongfully Marginalizes Benefits of Having Both Cases Before the Same Judge, Resulting in Efficient Use of Judicial Resources

Plaintiff points to his opposition to defendant's motion to dismiss or alternative transfer to the Eastern District of Virginia. Here @ Paragraph 5 of defendant's Reply. Plaintiff takes exception with defendant logic in attempting to support his argument to transfer this case to the Eastern District of Virginia, by stating:

> "If the case goes to trial, the jurors will perforce be looking at the evidence for the first time. To the extent that events in the earlier case have any relevance to this case, they will have to be introduced to the jury."

7

This argument falls on its face, because if I understand the legal process, and I believe I do, this case will not be tried by jury if the Plaintiff does not survive an anticipated motion for summary judgment where genuine issues *does not remain* or exists such that a jury should hear. Therefore, the defendant's statement is misleading. Again, as discussed above ( on the technicality issue ), the defendant here now challenges this court's critical thinking capacity. Even further considering that t many of the witnesses and parties (including himself) involved in this case work in Northwest (NW) DC, in addition to defendant agency's HQs is in NW DC. The defendant supports his position to transfer this case by stating "that "to the extent the events in the earlier case are relevant to the disposition of summary judgment motions that may be filed in this case, they will have to be introduced in the course of the motion practice by deposition extracts, declarations or document exhibits." I, like any reasonable person can not logically conclude this to be economical. For the court to grant defendant's motion to transfer this case, would in essence undermine, in addition to subvert the fundamental statutory intent of Title VII, the fundamental purpose of maintaining judicial economy and not wasting the court's resources in an inefficientmanner[4]. Certainly, If this case is transferred to the Eastern District of Virginia court there would be delay in this case, in addition to substantial increase in judicial cost due to unnecessary waste of judicial resources. This is so because as stated in my opposition, because the Judge, not a jury as the defendant would twist the facts, in Virginia knows nothing about my pending case for dispositive motion purposes. He will have to learn it a new. But because your Honor already understands this case, He will see where I am coming from and make the right decision, particularly when confronted with a motion for summary judgment. As a result, keeping

this particular case with this particular Judge is the only sensible thing to do.

For the reasons set forth above - the misinterpretations (particularly LCvRule 40.5(a)(3) and twisting of the issues of my my opposition and complaint in the defendant's Reply motion to dismiss or, in the alternative, to transfer should be striken.

Respectfully submitted,

_____    12/26/07
Gary Hamilton
Pro Se Plaintiff

---

[4] Fed.R.Civ.P. 42(a) allows a court to consolidate claims involving common questions of law or fact to *avoid unnecessary costs or delay*.

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of the foregoing motion to strike in opposition of defendant's motion to dismiss, or in the alternative, to transfer this case to the Eastern District of Virginia to be served by first-class mail, postage paid, this 26th day of December 2007, on:

Fred E. Haynes, DC Bar #165654
Assistant U.S. Attorney
555 4th Street, NW, Room E-4110
Washington, DC 20530

                                                    Gary Hamilton
                                                    Pro Se Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOTICE OF DESIGNATION OF RELATED CIVIL/MISCELLANEOUS CASES
PENDING IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. 07 1365
(To be supplied by the Clerk)

NOTICE TO THE PLAINTIFF:

Pursuant to Rule LCvR 40.5(b)(1), you are required to prepare and submit this form at the time of filing any civil or miscellaneous case which is related to any pending case(s) or which involves the same parties and relates to the same subject matter of any dismissed related case(s). This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the case is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

LCvR 40.5(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

LCvR 40.5(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

---

The plaintiff or counsel for plaintiff will please complete the following:

1. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

   A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

   [ ]  (a)  relates to common property

   [ ]  (b)  involves common issues of fact

   [ ]  (c)  grows out of the same event or transaction

   [ ]  (d)  involves the validity or infringement of the same patent

   [✓] (e)  is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASES TO DISMISSED RELATED CASE(S).

   A new cases is deemed related t a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the sarr parties and relates to the same subject matter.

   Check box if new cases is related to a dismissed case: [ ].

3. NAME THE U.S. COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT _____

4. CAPTION AND CASE NUMBER OF RELATED CASE(S). IF MORE ROOM IS NEEDED PLEASE USE THE OTHER SIDE.

   Hamilton _____ vs Snow _____ C.A. No. 05-1549 (RBW)

   7/27/07 _____     NCD _____
                      Signature of Plaintiff (or counsel)

CO-932
Rev. 4/00



EXHIBIT A
2

to assignment. New cases shall be assigned to the judge in accordance with normal procedures upon the conclusion of any such condition.

Whenever a judge begins what is expected to be an unusually protracted criminal trial (one lasting four weeks or more) he or she may refer to the Calendar Committee for routine reassignment such other criminal cases assigned to such judge as the judge was unable to dispose of prior thereto and which are expected to require disposition pursuant to the Speedy Trial Act within the time period of the unusually protracted trial.

## LCvR 40.5

## RELATED CASES

(a)   **DEFINITION**.

A related case for the purpose of this Rule means as follows:

(1)   Criminal cases are deemed related when (i) a superseding indictment has been filed, or (ii) more than one indictment is filed or pending against the same defendant or defendants, or (iii) prosecution against different defendants arises from a common wiretap, search warrant, or activities which are a part of the same alleged criminal event or transaction. A case is considered pending until a defendant has been sentenced.

(2)   If a civil forfeiture proceeding is filed concerning a criminal defendant, or a defendant is charged in a criminal case while a civil forfeiture proceeding is pending concerning that defendant, the civil and criminal cases are to be deemed related.

(3)   Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent. Notwithstanding the foregoing, a case filed by a *pro se* litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case. However, if a judge in the interest of judicial economy, consolidates a significant number of similar *pro se* prisoner complaints, or has a single case with a significant number of *pro se* prisoner plaintiffs, and any of those prisoners later files a new complaint which is unrelated to the subject matter of the consolidated cases or the multiple plaintiffs' case, the judge who receives the new case as related may, if he or she chooses, refer the new case to the Calendar Committee for random assignment.

55



Exhibit B

(4) Additionally, cases whether criminal or civil, including miscellaneous, shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter.

**(b) NOTIFICATION OF RELATED CASES.**

The parties shall notify the Clerk of the existence of related cases as follows:

(1) At the time of returning an indictment the United States Attorney shall indicate, on a form to be provided by the Clerk, the name, docket number and relationship of any related case pending in this court or in any other United States District Court. The form shall be mailed to all defense counsel along with the notification of the arraignment. Any objection by the defendant to the related case designation shall be served on the U.S. Attorney and filed with the Clerk within 10 days after arraignment.

(2) At the time of filing any civil, including miscellaneous, action, the plaintiff or his attorney shall indicate, on a form to be provided by the Clerk, the name, docket number and relationship of any related case pending in this court or in any other United States Court. The plaintiff shall serve this form on the defendant with the complaint. Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion.

(3) Whenever an attorney for a party in a civil, including miscellaneous, or criminal action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties. Upon receiving information from any source concerning a relationship between pending cases, the Clerk shall transmit that information in writing to the judges on whose calendars the cases appear and to all parties to the proceeding.

**(c) ASSIGNMENT OF RELATED CASES.**

Related cases noted at or after the time of filing shall be assigned in the following manner:

(1) Where the existence of a related case in this court is noted at the time the indictment is returned or the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned. If a judge who is assigned a case under this procedure determines that the cases in question are not related, the judge may transfer the new case to the Calendar Committee. If the Calendar Committee finds that good cause exists for the transfer, it shall cause the case to be reassigned at random. If the Calendar Committee finds that

## AFFIDAVIT OF PLAINTIFF; GARY HAMILTON

1. IN ADDITION TO RESTATING MY STATEMENTS MADE IN MY AFFAVIDIT FILED WITH PLAINTIFF'S OPPOISITION TO DEFENDANT MOTION TO DISMISS, OR TRANSFER THIS CASE TO THE EASTERN DISTRICT OF VIRGINIA, THE FOLLOWING IS TRUE:

1. I AM THE PLAINTIFF IN THIS CASE WITH CASE NO. 07-1365 (RBM). I AM ALSO THE PLAINTIFF IN CASE NO. 05-1579 (RBW) WHICH IS A PENDING CASE BEFORE THIS COURT.

2. AS AN IFP PRO SE PLAINTIFF, I WAS INSTRUCTED (AT TIME OF COMPLAINT FILING) BY THE COURTS' CLERK REPRESENTATIVE THAT THE COURT'S PRO SE UNIT WOULD PROCESS AND COMPLETE ALL REMAINING (OTHER THEN THE IFP APLICATION AND COMPLAINT) FORMS, INCLUDING EXHIBIT A - NOTICE OF DESIGNATION OF RELATED CIVIL/MISCELLANEOUS CASES.

3. I DID NOT COMPLETE EXHIBIT A. BUT INSTEAD - TO MY KNOWLEDGE AND AS EVIDENT BY THE COURT'S CLERK INSTRUCTION TO ME AND NOTATION OF THE INITIALS "NCD" [WHICH IS NOT MY INITIALS] IN THE SIGNATURE (BLOCK 4), THE COURT'S PRO SE UNIT COMPLETED THE SAME.

4. AS A RESULT OF THE PRO SE UNIT SOLELY COMPLETING EXHIBIT A, I WAS NOT AWARE THAT THE BOX WAS **NOT** CHECKED - NOTING THAT THIS CASE GREW OUT OF THE SAME EVENT OR TRANSACTION OF A RELATED CASE. THEREFORE, I PREPARED MY OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVE TRANSFER TO THE EASTERN DISTRIST OF VIRGINIA.WITHT HE ASSUMPTION THAT EXHIBIT A WAS CORRECTLY COMPLETED. IF IT MATTERS, (E.G. CHECKING THE BOX) AND I DO NOT BELIEVE SO.

5. I HAVE RECENTLY CAME TO THE KNOWLEDGE THAT LCv RULE 40.5(A)(3) ONLY REQUIRES A PRO SE LIGIANT, SUCH AS MYSLELF, TO PROVIDE EXHIBIT A IN ORDER FOR THIS COURT TO CONSIDER MY CASE RELATED TO MY PENDING RELATED CASE. NOTHTHING FURTHER WAS AND IS REQUIRED.

6. I PRESENTLY LIVE IN MARYLAND AND WORK IN THE DISTRICT OF COLUMBIA

I CERTIFY AND AFFIRM UNDER THE PENAL TIRES OF PERJURY THAT THE AVOVE STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. I AM COMPETENT TO GIVE THIS AFFIDAVIT BEING OVER 50 YEARS OF AGE.

_____   12/26/07
GARY HAMITLO, PRO SE PLAINTIFF
DECEMBER 26, 2007

**EXHIBIT C**