UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY HAMILTON, | ) |
|       Plaintiff, | ) |
| v. | )   Civil Action No. 07-01365 RBW |
| HENRY M. PAULSON, JR., Secretary of the Department of the Treasury, | ) |
|       Defendant. | ) |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff has filed a motion to strike defendant's reply memorandum in support of his motion to dismiss, citing Fed. R. Civ. P. 12(f) as authority for the motion. In reality, plaintiff's motion is a sur-reply to the government's reply memorandum, a type of filing that is only allowed by leave of court. Cf. Local Civil Rule 7 (which provides only for a motion, an opposition to the motion, and then a reply in support of the motion). Additionally, the use of the Rule 12(f) motion is limited to striking "from any pleading any insufficient defense or any redundant , immaterial, impertinent, or scandalous matter." What constitutes a pleading is defined in Fed. R. Civ. P. 7(a), and it does not include a motion. Defendant's reply memorandum is not a pleading. Consequently, Rule 12(f) cannot be used to strike it.

Plaintiff is simply trying to reargue matters made in the briefing of defendant's motion to dismiss. His arguments fail for a fundamental reason: it is indisputable that none of the actions underlying plaintiff's claims occurred in the District of Columbia, and the records related to the actions were not maintained in the District of Columbia. As explained in the motion to dismiss, the

proper venue for this action is the Eastern District of Virginia, where the challenged selections were made and where plaintiff would have worked had he been selected for the positions. Venue in a Title VII action is governed by 42 U.S.C. § 2000e-5(f)(3), which provides three specific locations for venue: (1) the district in which the alleged discrimination occurred; (2) the district where the relevant employment records are maintained and administered; or (3) the district where plaintiff would have worked but for the alleged unlawful discrimination and retaliation. None of these options provides a basis for venue in the District of Columbia.

For the reasons set forth above and in defendant's motion to dismiss, plaintiff's motion to strike should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
              /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-01365 RBW |
| | ) |
| HENRY M. PAULSON, JR., | ) |
| Secretary of the Department | ) |
| of the Treasury, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>ORDER</u>

UPON CONSIDERATION of plaintiff's motion to strike defendant's reply memorandum in support of his motion to dismiss, the opposition thereto, and the entire record in this case, it is this _____ day of _____, 2008,

ORDERED that plaintiff's motion to strike is denied.

UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing memorandum in opposition to the motion to strike defendant's reply memorandum in support of the motion to dismiss or, in the alternative, to transfer this case to the Eastern District of Virginia to be served by first-class mail, postage prepaid, this 3rd day of January, 2008, on:

>Mr. Gary Hamilton
>12304 Burning Oak Court
>Waldorf, MD 20601

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201