## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                      )
GARY HAMILTON,                        )
                                      )
                Plaintiff,            )
                                      )
        v.                            )        Civil Action No. 07-1365  (RBW)
                                      )
HENRY M. PAULSON, JR.,                )
Secretary of the Treasury,            )
                                      )
                Defendant.            )
_____)

## MEMORANDUM OPINION

Gary Hamilton, the pro se plaintiff in this civil lawsuit, seeks judgment against Henry M.

Paulson, Jr., in his official capacity as Secretary of the Treasury, Complaint (the "Compl.") ¶¶ 3-

4, for alleged unlawful discrimination against the plaintiff by the plaintiff's former employer, the

Internal Revenue Service (the "IRS"), based on his non-selection for an industrial hygienist

position in the Real Estate and Facilities Management division of the IRS sometime around April

of 2005, id. ¶¶ 7-17, and separate non-selection for the position of environmental protection

specialist sometime around September of 2005, id. ¶¶ 18-29.  The plaintiff alleges that these

actions were racially motivated, constituted a form of unlawful retaliation for a prior complaint

in which the plaintiff alleged race discrimination, and, together with other acts allegedly

perpetrated by the plaintiff's employer, constructively discharged the plaintiff from his

employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-

17 (2000).  Compl. ¶¶ 32-35.  Currently before the Court is the defendant's motion to dismiss or

transfer this case pursuant to Federal Rule of Civil Procedure 12(b)(3).  Motion to Dismiss or, in

the Alternative, to Transfer to the Eastern District of Virginia and Supporting Memorandum of

Points and Authorities at 1-2 (the "Def.'s Mot.").[1]  After carefully considering the plaintiff's

complaint, the defendant's motion, and all memoranda of law and exhibits relating to these

filings,[2] the Court concludes that it must grant the defendant's motion for the reasons that follow.

## I. Analysis

"[Rule] 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or

inconvenient in the plaintiff's chosen forum."  Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17

(D.D.C. 2008).  "In considering a motion to dismiss for lack of proper venue under Rule

12(b)(3), the Court accepts the plaintiff's well-pled factual allegations regarding venue as true,

draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any

factual conflicts in the plaintiff's favor."  Varma v. Gutierrez, 421 F. Supp. 2d 110, 112 (D.D.C.

2006) (Walton, J.) (internal quotation and citation omitted).  However, the court "need not accept

the plaintiff['s] legal conclusions as true."  Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8

(D.D.C. 2003) (Walton, J.) (internal quotation and citation omitted).

---

[1]  The plaintiff has also filed a motion to strike the defendant's reply memorandum in support of his motion to dismiss or transfer the plaintiff's case pursuant to Federal Rule of Civil Procedure 12(f) based on the plaintiff's belief that many of the assertions made by the defendant in his reply memorandum are inaccurate.  Pro Se Plaintiff['s] Motion to Strike Defendant's Faulty and Erroneous Argument[/]Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, to Transfer to the Eastern District of Virginia at 1. Rule 12(f) permits a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  (Emphasis added.)  The rule does not, however, apply to motions or memoranda of law.  See Fed. R. Civ. P. 7 (distinguishing pleadings from motions and other papers); see also Baloch v. Norton, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) ("[A] motion to strike pursuant to [] Federal Rule[] of Civil Procedure 12(f) is limited to pleadings."); Modaressi v. Vedadi, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006) (denying the plaintiff's motion to strike the defendant's motion to dismiss "under the plain language of Rule 12(f)"); Nwachukwu v. Rooney, 362 F.  Supp. 2d 183, 190 (D.D.C. 2005) ("Because the defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike only apply to pleadings, the plaintiff's motion to strike is improperly directed at the defendants' reply.").  The Court will therefore deny the plaintiff's motion to strike.

[2]  In addition to the plaintiff's complaint and the defendant's motion, the Court considered the following documents in rendering its decision: (1) the Plaintiff's Opposition to Defendant's Motion to Dismiss or[,] in the Alternative[,] to Transfer to the Eastern District of Virginia (the "Pl.'s Opp'n"), and (2) the Reply Memorandum in Support of [the] Defendant's Motion to Dismiss or, in the Alternative, to Transfer to the Eastern District of Virginia (the "Def.'s Reply").

Venue in a Title VII case is guided by a statute specific to Title VII, 42 U.S.C. § 2000e-5.

That statute provides in pertinent part:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.  Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practices are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  In other words, "a plaintiff may bring suit" under Title VII "(1) where 'the unlawful employment practice is alleged to have been committed,' (2) where 'the employment records relevant to such practice are maintained and administered,' or (3) where 'the aggrieved person would have worked but for the alleged unlawful employment practice.'" Pendleton, 552 F. Supp. 2d at 17 (quoting 42 U.S.C. § 2000e-5(f)(3)).  "Only if the defendant is not found within any of these districts can a plaintiff rely on a fourth possible location—'the judicial district in which the respondent has his principal office.'" Id. (quoting 42 U.S.C. § 2000e-5(f)(3)).  "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in [§ 2000e-5(f)(3)], venue is improper." James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

The defendant has submitted evidence demonstrating that the plaintiff does not satisfy any of the statutory criteria for venue in this Court.  First, John C. Reagan, "a Supervisory Management and Program Analyst . . . in the office of Agency Wide Shared Services, Real

Estate and Facilities Management, in Arlington, Virginia," Def.'s Mot., Exhibit ("Ex.") D
(Declaration of John C. Reagan) (the "Reagan Decl.") ¶ 1, states in a declaration submitted by
the defendant that he "was the recommending official" for the industrial hygienist and
environmental protection specialist positions at issue, and that both he and the selecting official
for those positions worked in the IRS's Arlington, Virginia office at that time, id. ¶ 6.  Second,
Delores Lovejoy, "the Chief of Recruitment for the [IRS]," Def.'s Mot., Ex. C (Declaration of
Delores Lovejoy) (the "Lovejoy Decl.") ¶ 1, states in a separate declaration that "[t]he IRS has
centralized the recruitment process at [its] Atlanta office," id. ¶ 2, where all vacancy
announcements are posted, id. ¶ 3.  All paperwork relating to the selection of a specific position
is sent from the IRS's Atlanta office "to the office seeking a recruitment," id. ¶ 4, and then
returned to the Atlanta office, id. ¶ 5.  And any recruitment actions "exceed[ing] [the Atlanta]
office's ability to handle them" would have been "referred to [the] IRS's Internal Employment
Office in Kansas City," id. ¶ 6.  Third, Reagan explicitly states in his declaration that if
"[the plaintiff had] been selected for either of the two positions [at issue], he would have worked
at the Arlington, Virginia office where [Reagan] work[s]."  Id., Ex. D (Reagan Decl.) ¶ 8.

It therefore appears that the plaintiff does not satisfy the criteria for venue under § 2000e-
5(f)(3).  Two of the three "unlawful employment practice[s]" alleged here—namely, the
plaintiff's non-selection for two positions at the IRS's Arlington, Virginia office—occurred in
Virginia, not the District of Columbia.  Id. ¶ 6.  And the plaintiff's alleged constructive discharge
could only have occurred in New Carrollton, Maryland, where the plaintiff was employed at the
time of his departure from the IRS.  See id., Ex. A (Application for Industrial Hygienist Position
Submitted by Gary Hamilton) at 1 (indicating that the plaintiff was an employee of the "New
Carrollton Territory, Real Estate Branch, Strategy and Portfolio Section, Safety and Health

Team" when he applied for the industrial hygienist position at issue).  Moreover, "the

employment records relevant to" these alleged practices "are maintained and administered" in

either Missouri or Georgia, not the District of Columbia.  Id., Ex. C (Lovejoy Decl.) ¶¶ 1-6.

Finally, the plaintiff "would have worked" in Arlington, Virginia had he been selected for either

the industrial hygienist or environmental protection specialist positions at issue in this case.  Id.,

Ex. D (Reagan Decl.) ¶ 8.

The plaintiff does not dispute any of these facts.  Instead, he argues that his job duties in

New Carrolton regularly required him to visit the District of Columbia, Pl.'s Opp'n at 6, and that

he authored a policy for use in the District of Columbia metropolitan area, id. at 7.  He also

contends that his case should be heard in this Court because it relates to another case pending

before the Court, id. at 1-4, and various aspects of this case, such as mediation and discovery,

have taken place in the District of Columbia, id. at 4-6.

Neither of these assertions satisfy the requirements of § 2000e-5.  With respect to the

plaintiff's place of employment, the relevant issue before the Court is whether "a substantial part,

if not all, of the employment practices challenged in this action took place outside the District

[of Columbia]," not whether "actions taken in the District [of Columbia] may have had an impact

on the plaintiff's situation."  James, 227 F. Supp. 2d at 20 (internal quotation and citation

omitted).  Here, the plaintiff's non-selections for positions in the IRS's Arlington, Virginia office

took place exclusively in Virginia, and his alleged constructive discharge could only have taken

place at the location where he was actually employed, not in locales that the plaintiff

occasionally visited or places benefiting from the work he performed.  Cf. Bartel v. FAA, 617 F.

Supp. 190, 198 (D.D.C. 1985) (holding that alleged retaliation against Title VII complainant,

including alleged constructive discharge, could only have taken place at the location of the office

where the complainant was employed or at the office of the allegedly retaliatory employer for purposes of § 2000e-5(f)(3)).  Simply put, the plaintiff's close proximity to and frequent contacts with the District of Columbia while he was employed by the IRS are no substitute for the actual requirements of § 2000e-5.

The plaintiff's contention that the Court should deny the defendant's motion because he has a related case pending in this Court and, to this point, has engaged in mediation and discovery in the District of Columbia is even less colorable.  This argument amounts to a claim that pendent venue rests in this district, a concept that members of this Court have rejected repeatedly in the Title VII context.  See, e.g., Bartel, 617 F. Supp. at 198 n.33 (refusing to "exercise pendent venue" over the plaintiff's Title VII claim); Jyachosky v. Winter, No. Civ. A. 04-01733 (HHK), Civ. A. No. 04-01734 (HHK), Civ. A. 05-00239 (HHK), Civ. A. 05-00271 (HHK), Civ. A. 05-02251 (HHK), 2006 WL 1805607, at *4 n.3 (D.D.C. June 29, 2006) (same).  As another member of this Court noted in rejecting this argument, "[w]here, as here, Congress has clearly limited the scope of venue, the [C]ourt is compelled to abide by such restrictions." Jyachosky, 2006 WL 1805607, at *4 n.3.

This Court therefore agrees with the defendant that the District of Columbia is not an appropriate venue for litigating the plaintiff's case.  Under such circumstances, the Court "may either dismiss, 'or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'" Pendleton, 552 F. Supp. 2d at 17 (quoting 28 U.S.C. § 1406(a) (2000)).  "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the [C]ourt," Naartex Consulting Corp. v. Wyatt, 722 F.2d 779, 789 (D.C. Cir. 1983), but "[g]enerally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them," James, 227 F. Supp.

2d at 20.  With that principle in mind, the Court will transfer this case to the Eastern District of Virginia rather than dismiss the plaintiff's complaint for lack of venue.

## II. Conclusion

"In Title VII cases, Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination."  James, 227 F. Supp. 2d at 20.  The District of Columbia does not meet Congress's standard where the plaintiff's Title VII claims are concerned.  The Court will therefore grant the defendant's motion and transfer this case to the District Court for the Eastern District of Virginia.

**SO ORDERED** this 10th day of October, 2008.[3]

REGGIE B. WALTON
United States District Judge

---

[3]  This memorandum opinion relates to a prior order issued by the Court (1) granting in part the defendant's motion to dismiss or transfer this case, (2) denying the plaintiff's motion to strike, (3) directing the Clerk of the Court to transfer this case forthwith to the United States District Court for the Eastern District of Virginia, and (4) closing the docket of the case in this district.